IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES CAROLL MIDGETTE, #13181 :

      Plaintiff :

  v. : Civil No. L-10-1031

WASHINGTON COUNTY NARCOTICS :
  TASK FORCE
                               :
      Defendant

**MEMORANDUM**

Pending is the Washington County Narcotics Task Force's ("Task Force") Motion to Dismiss and James Caroll Midgette's ("Midgette") Opposition thereto and Motion for Appointment of Counsel. The issues have been fully briefed and no oral argument is necessary. See Local Rule 105.6. (D. Md. Jan. 2010). For the foregoing reasons, the Court will, by separate Order, GRANT the Task Force's Motion to Dismiss.

**I.    Background**

Midgette alleges in this 42 U.S.C. § 1983 civil rights action for damages that, when being detained on October 15, 2009, he was physically assaulted by an agent of the Task Force who employed "excessive force." Docket No. 1. He claims that he sustained head and neck injuries and continues to suffer from chronic headaches, blurred vision in his left eye, and serious depression. Id.

**II**.    **Task Force's Motion to Dismiss**

    **A.    Standard of Review**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Bell Atlantic Corporation v. Twombley, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964-65 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" Id. at 557-558 (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The Court need not, however, accept unsupported legal allegations, see Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

**B. Analysis**

The Task Force seeks dismissal of the Complaint filed against it, arguing that it is not a " 'person' within the meaning contemplated by [42 U.S.C. § 1983.]" It also claims that under state law, it is not an entity that can sue or be sued because it has no legal identity. Docket No. 5. In his Opposition, Midgette claims that officers of the Task Force used excessive force without provocation while detaining him and they "slammed [his] face on the concrete and used their knees and elbows to press against [his] neck, face, and back." Docket No. 8. He asserts that he received a black eye, the side of his face was swollen, and members of the Task Force repeatedly denied his request for medical treatment. Id.

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b); see also Maltby v. Winston, 36 F.3d 548, 560 n. 14 (7th Cir. 1994). In Maryland, courts have found that a local government narcotics task force had no separate legal entity to be subject to suit. See Bourexis v. Carroll County Narcotics Task Force, 96 Md. App. 459, 468, 625 A.2d 391 (1994). Moreover, the Task Force is not a separate legal entity to be subject to suit under § 1983. See Hervey v. Estes, 65 F.3d 784, 792 (9th Cir. 1995). Where, as here, there is nothing alleged to show that the Task Force is an entity that may be sued, the Complaint against it may be dismissed.

Midgette has, however, stated a claim of excessive force under the Fourth Amendment. He shall be granted an enlargement of time to amend his Complaint to name the proper party Defendants.[1] He is cautioned that his failure to file a timely and responsive amendment may result in the dismissal of his cause of action without futher notice from the Court.

**III.    Conclusion**

For the foregoing reasons, the Court will, by separate Order:

(i)    GRANT Defendant's Motion to Dismiss;

(ii)   DENY Midgette's Motion for Appointment of Counsel without prejudice; and

(iii)  GRANT Midgette additional time to amend his Complaint.

Dated this 6th day of August 2010.

/s/
_____
Benson Everett Legg
United States District Judge

---

[1] Midgette has filed a letter Motion for Appointment of Counsel. Docket No. 7. He seemingly claims that he has limited resources and is ignorant of the law. Id. The Court finds that at this juncture of the case the appointment of counsel is not warranted. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984);